FILED
JUN 13 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM J.R. EMBREY, )<br>)<br>Plaintiff, )<br>)<br>)<br>UNITED STATES OF AMERICA, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:19-cv-01571 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the complaint for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a prolific filer in this court and others, is proceeding *pro se*. He is a former prisoner residing in Fargo, North Dakota, and is suing the United States. The prolix complaint alleges two primary allegations, namely that (1) application of 18 U.S.C. §922(g)(1) to plaintiff's underlying criminal matter was negligent and violative of plaintiff's constitutional right to bear arms and of due process, and (2) plaintiff's resulting conviction and sentence was inherently unlawful due to being charged pursuant 18 U.S.C. §922(g)(1). Plaintiff seeks monetary damages and numerous declarations and inunctions affirming his constitutional interpretations and renouncing the actions of the government in his criminal matter.

The United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v.*

1

*United States*, 346 U.S. 15, 30 (1953). Such consent, moreover, must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Plaintiff here has neither pleaded nor established that the government has expressly consented to damages suits for constitutional violations; therefore, subject matter jurisdiction is lacking.

To the extent that plaintiff presents a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, jurisdiction is also lacking because there is no indication that plaintiff has exhausted his administrative remedies under the FTCA by presenting a claim to "the appropriate Federal agency" and obtaining a written denial, or allowing six months to pass without a final disposition. 28 U.S.C. § 2675(a). The District of Columbia Circuit has held that the FTCA's presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007); *see Abdurraham v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam).

Further, plaintiff invokes *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as the basis for this court's jurisdiction over his claims. He then argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), is inapplicable; however, his argument is unmoving. In *Heck*, the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. The only qualification to this otherwise broad prohibition is if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

2

writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. The parameters of *Heck* have been expanded to reach § 1983's federal equivalent, or a "*Bivens* claim." *See generally Bivens*, 403 U.S. at 388; *see also Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam).

Plaintiff states that "*Heck* is inapplicable because [he] challenges the procedures that led to his incarceration, not his underlying conviction and sentence." This argument is circular because, if the court finds that the procedures that brought about his conviction and sentence were unconstitutional, then it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. It is merely an exercise in semantics as to whether plaintiff seeks damages based on an unconstitutional conviction, or as here, he requests damages because "the practices, or methods . . . used to [obtain] the judgment against [p]laintiff were and are unconstitutional." Therefore, because plaintiff was found guilty and because the verdicts have not been set aside, plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction. *See Williams*, 74 F.3d at 1341.

Lastly, plaintiff's challenge to the inclusion and application of 18 U.S.C. §922(g)(1) to his underlying criminal charges has already been presented to this court. *See Embrey v. The Attorney General of the United States*, No. 09-cv-00500 (UNA) (D.D.C. filed Mar. 16, 2009). These arguments were dismissed with prejudice as frivolous and for failure to state a claim. *See id.* at Mem. Op. & Ord., ECF Nos. 5–6 (D.D.C. filed May 13, 2009). The prior adjudication has preclusive effect and these renewed claims shall be dismissed for the same reasons stated in the Memorandum Opinion. *See id.*

Accordingly, this case is dismissed. A separate order accompanies this memorandum opinion.

Date: June 12, 2019

United States District Judge

3